**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

      **PLAINTIFF,**

**v.**                                                    **Case No:  5:13-MC-004-WTH-PRL**

**REX VENTURE GROUP, LLC, d/b/a**
**ZEEKREWARDS.COM, and**
**PAUL BURKS,**

      **DEFENDANT.**

_____

**ORDER**

This cause is before the Court on Rex Venture Group, LLC's Court-Appointed Receiver's Motion to Compel Non-Party Nathaniel Woods' Compliance with Rule 45 Subpoena (Doc. 1), filed on January 25, 2013.  Pursuant to Rule 45(c)(2)(B)(i), Fed. R. Civ. P., Rex Venture asks the Court to compel non-party Mr. Nathaniel Woods' compliance with the Receivers' Rule 45 subpoena and require Mr. Woods to produce the documents listed in the subpoena.

**I. BACKGROUND**

The issues in the instant Motion arise out of an action pending in the United States District Court for the Western District of North Carolina ("N.C. Case").[1]  In the N.C. Case, the Securities and Exchange Commission ("SEC") alleges that Paul Burks used Rex Venture Group, LLC to operate an illegal Ponzi and pyramid scheme, which allegedly took more than $600 million from hundreds of thousands of individuals in dozens of countries.  (Doc. 1, ¶ 1).  On

_____

[1] *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, No. 3:12-cv-519 (W.D.N.C. 2012).

August 17, 2012, the District Judge in the N.C. Case appointed a Temporary Receiver and gave him the power to "issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure[.]"  (Doc. 1, ¶ 2, 4 & Exh. 1, ¶ 7(H)).  Subsequently, on October 30, 2012, the Receiver issued to Mr. Woods a Rule 45 subpoena for production of documents (from the Western District of North Carolina) (Doc. 1, ¶ 6).  In response, Mr. Woods filed a Motion to Quash the Subpoena (Doc. 1, ¶ 7 & Exh. 2), arguing various procedural and jurisdictional issues; as such, he did not produce any documents.  (Doc. 1, ¶ 7).

Thereafter, on November 27, 2012, the Receiver issued a new subpoena from the United States District Court for the Middle District of Florida, wherein the Receiver narrowed the scope of the requested documents.  (Doc. 1, ¶ 8 & Exh. 3).  The Receiver served Mr. Woods with the subpoena (issued by this Court) via certified mail and federal express.  (Doc. 1, ¶ 10 & Exh. 4). Subsequently, on January 16, 2013, the District Judge in the N.C. Case denied Mr. Woods' Motion to Quash the October 30, 2012 subpoena as moot because the Receiver "re-issued [the subpoena] through different procedures and [the Receiver is now] requiring a different scope of documents to be produced."  (Doc. 1, ¶ 11 & Exh. 7).

Further, the record before this Court demonstrates that the Receiver's counsel has contacted Mr. Woods in attempts to obtain the subpoenaed documents without the Court's intervention to no avail. (*See e.g.*, Doc. 1, Exh. 8).  Accordingly, the instant Motion to Compel (Doc. 1) was filed in accordance with Rule 45, Fed. R. Civ. P.

Upon initial review of Rex Venture's Motion (Doc. 1), the Court had concerns with whether Mr. Woods was properly served with the subpoena; accordingly, the Court entered an Order to Show (Doc. 3); to which Rex Venture responded.  (Doc. 5).  In addition, Rex Venture notified the Court that Mr. Woods had filed what appeared to be an objection to Rex Venture's

Motion to Compel, but had done so in a different case.[2]  (Doc. 2).  Based on this Notice, the Court ordered Mr. Woods to notify the Court whether the document titled "Objection to Receiver's Motion to Compel Nathaniel Woods, a Non-Party" was intended to be filed in this action in response to Rex Venture's Motion to Compel.  (Doc. 6).  In response, Mr. Woods filed a Motion for Clarification (Doc. 7) and his Objection to Receiver's Motion to Compel (Doc. 8). Finally, the Court granted Rex Venture's leave to file a reply, which it has done.  (Docs. 10 & 12).  This matter is now ripe for review.

## II. DISCUSSION

### Mr. Woods' Motion for Clarification

As an initial matter, Mr. Woods seeks clarification as to where he "should submit pleadings and motions as well as clarification as to the case number which is to be used in the matter."  (Doc. 7, at 4).  Mr. Woods represents that he was served with a copy of Rex Venture's Motion to Compel (Doc. 1) without a case number, and thus, he did not know where to file his objection.  (Doc. 7).  As such, Mr. Woods submits that he filed his Objection in the N.C. Case.

This Court has jurisdiction over enforcing the Rule 45 subpoena issued by this Court, which is dated November 27, 2012.  *See Great American Ins. Co. v. General Contractors & Const. Mgmt., Inc.*, 2008 WL 4372884, at *1 (S.D. Fla. Sept. 24, 2008) (finding that "The Advisory Committee note to the 1991 Amendment to Fed. R. Civ. P. 45(a)(2) states that the court in whose name the subpoena issued is responsible for its enforcement.").  Accordingly, Mr. Woods' Motion for Clarification (Doc. 7) is **granted** to the extent that this Court has jurisdiction over enforcing the subpoena issued by this Court (dated November 27, 2012), which is attached

---

[2] In its Notice (Doc. 2), Rex Venture represents that it takes no position as to whether this document should have been filed in this case; rather, Rex Venture submits that it is simply filing the Notice "so as not to prejudice" Mr. Woods, who is acting *pro se*.  (Doc. 2, ¶¶ 5-6).

as Exhibit 3 to Rex Venture's Motion to Compel (Doc. 1).  To avoid any confusion, the Court has attached to this Order (as "Exhibit A") the subpoena subject to this Order and the Court's jurisdiction.  The case number for this action is indicated on the first page of this Order.  Thus, any documents that Mr. Woods would like to file pertaining to the Rule 45 subpoena <u>issued by this Court</u> and dated November 27, 2012 ("Exhibit A"), should be filed in this action.

### *Service of the Subpoena*

Next, the Court must address its concerns (*see* doc. 3) regarding whether Mr. Woods was properly served with the Rule 45 subpoena issued by this Court.  Rex Venture represents that it served Mr. Woods with this subpoena via certified mail and federal express, and argues that this service is proper under Rule 45.  *See TracFone Wireless, Inc. v. Does*, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011) (finding that "service of a Rule 45 subpoena need not be effectuated by personal delivery on the person being subpoenaed."); *In re Falcon Air Exp., Inc.*, 2008 WL 2038799, at *4 (Bkrtcy. S.D. Fla. May 8, 2008) (finding that a Rule 45 subpoena does not require personal service, rather service is sufficient where it is "reasonably calculated to insure receipt of the subpoena by the witness."); *Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, at *1-2 (M.D. Fla. Oct. 15, 1999) (finding that "nothing in the plain language of the Rule requires personal service").

It does not appear the Eleventh Circuit has addressed this particular issue and the Court finds these cases persuasive, especially since it is clear that Mr. Woods received the subpoena both by federal express and certified mail.  Indeed, Mr. Woods specifically states that he "received [two subpoenas] sequentially on November 28th and 29th, 2012, via FedEx and [c]ertified mail."  (Doc. 8, at 2 & 11).  Accordingly, the purpose of service – i.e., that Mr. Woods was put on notice – has been effectuated.

*Mr. Woods' Compliance with the Subpoena*

Rule 45(c)(2)(B), Fed. R. Civ. P., provides (in relevant part) that, in the event the person upon whom a subpoena is served objects, the party serving the subpoena may, at any time, file a motion to compel production.  Here, the Receiver has done just that.  On November 27, 2012, this Court issued a subpoena (*see* Doc. 1, Exh. 3), which Mr. Woods acknowledges he received on November 28, 2012 and November 29, 2012 by federal express and certified mail (*see* Doc. 1, Exh. 6(b) & Doc. 8, at p.11).  Mr. Woods then objected to this subpoena.  (*See* Doc. 1, Exh. 6(b) & Doc. 8, at pp.11-14).  Notably, the Receiver disclosed Mr. Woods' objection to the Court.[3] (*See* Doc. 1, at ¶ 12 & Exh. 6).  Subsequently, on December 19, 2012, the Receiver's counsel emailed Mr. Woods to discuss any objections that he may have (Doc. 1, Exh. 1), to which Mr. Woods responded (Doc. 1, Exh. 9).  The Court will now address Mr. Woods' objections.  (Doc. 8).

Mr. Woods objects contending that he has received three subpoenas, which are redundant and serve as harassment.  The Court disagrees.  As a point of clarification, the subpoena issued on October 30, 2012, in the N.C. Case was found moot because the Receiver "re-issued [the subpoena] through different procedures . . . ."  (*See* Doc. 1, ¶ 11 & Exh. 7).  The subpoena issued by this Court, which is dated November 27, 2012, and located in the record at Doc. 1, Exh. 3, **is** the subpoena at issue here.  It is clear from the record that this subpoena (Doc. 1, Exh. 3) was merely provided to Mr. Woods <u>both</u> by certified mail and federal express to ensure his receipt of it.

---

[3] Mr. Woods contends that the Receiver did not notify the Court of his objections.  This is simply not the case.  The Receiver specifically states that Mr. Woods filed a "'Request for Judicial Notice' objecting to the [s]ubpoenas that had issued from the Middle District of Florida and again refused to produce any documents."  (*See* Doc. 1, at 12 & Exh. 6).  Moreover, the objections attached to the Request for Judicial Notice (Doc. 1, Exh. 6) are identical to the objections that Mr. Woods attached to his Objection to Receiver's Motion to Compel (Doc. 8).

Mr. Woods also argues that he did not receive prior notice of the subpoena as required by Rule 45. Rule 45(b)(1) requires prior notice to each **party** "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial . . . ." Here, Mr. Woods is <u>not</u> a party. Accordingly, Rule 45(b)(1) does not contemplate that he should get prior notice.

Mr. Woods' other arguments include that the Receiver's requests are overly broad, irrelevant, create an undue burden and expense, that the Receiver already has the information, and that some of the information is privileged. (Doc. 8).

At the outset it is important to note that the scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonpriviledged matter that is relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980); *see also Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984).

Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting *Davis v. Fendler*, 650 F.2d

1154, 1160 (9th Cir. 1981)).  Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant.  *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

Mr. Woods' objections to the Receiver's requests 1, 2, and 4-10, are similar, so the Court will address them together.  (Doc. 8, at 8-9, 12-14).  Specifically, Mr. Woods suggests that these requests are "overly broad" and create an "undue burden" because he does not have any information and that the Receiver already has this information.  The Court overrules Mr. Woods' objections.  The Receiver's requests all appear to be aimed at ascertaining Mr. Woods' involvement with Rex Venture, which seems to be a relevant issue in the N.C. Case.  To the extent that Mr. Woods has information in his possession pertaining to these requests, Mr. Woods <u>must</u> produce such information.  To the extent that Mr. Woods does not have information, he <u>must</u> respond to the Receiver's subpoena and notify the Receiver whether he <u>ever</u> had the information, provide a description of the information, and explain what happened to the information.

Mr. Woods objects to the Receiver's request 3 and contends that the Receiver has this information because the Receiver has called and emailed him.[4]  (Doc. 8, at 8 & 12).  The Court overrules Mr. Woods' objections.  Simply because the Receiver has emailed and called Mr. Woods does not mean that the Receiver has the information that it seeks.[5]  Mr. Woods <u>must</u> provide the Receiver with information responsive to this request.  At this time, however, Mr. Woods is not required to disclose any of his passwords.  If the Receiver still seeks Mr. Woods'

---

[4] Request 3 seeks "[d]ocuments sufficient to show all user names, passwords, email addresses, and accounts used by Mr. Woods in connection with [Rex Venture].  (This request is not meant to include passwords to third party financial accounts used in connection with [Rex Venture]; however, documents sufficient to show the location and account number of such accounts should be included in your response.)"  (*See* Doc. 1, Exh. 3, ¶ 3).

[5] Notably, Mr. Woods also argues that the Receiver's attorney contacted him by email in violation of the Federal Rules.  (Doc. 8, at 5).  The Court disagrees and finds no apparent violation of the Federal Rules.

passwords, the **Receiver shall** file a supplemental brief with this Court within **twenty-one (21)**

**of the date of this Order** providing legal authority which would authorize the Court to compel

Mr. Woods to disclose his passwords.

Mr. Woods objects to the Receiver's requests 11-13, contending that these requests are

irrelevant.  (Doc. 8, at 9 & 14).  The Court disagrees and overrules Mr. Woods' objections.  The

Receiver's requests all appear to be aimed at ascertaining Mr. Woods involvement with Rex

Venture, which seems to be a relevant issue in the N.C. Case.  Accordingly, Mr. Woods shall

produce documents and other information responsive to these requests.  Lastly, Mr. Woods

contends that the documents responsive to the Receiver's request 12-13 are privileged.  (Doc. 8,

at 4).  Due to the nature of the case, the Court disagrees, overrules Mr. Woods' objection, and

requires Mr. Woods to provide the requested information to the Receiver.

*Attorney's Fees*

Finally, Rex Venture seeks "the Receiver's attorneys' fees incurred in preparing, filing[,]

and pursing this Motion be taxed to Mr. Woods . . . ."  (Doc. 1, at 5-6).  However, Rex Venture

is not entitled to such an award.  "Although Rule 45(c)(2)(B)(i) authorizes the serving party to

'move the issuing court for an order compelling production or inspection,' there is no provision

in Rule 45 for an award of expenses for bringing such a motion."  *See Bailey Industries, Inc. v.*

*CLJP, Inc.*, 270 F.R.D. 662, 672 (N.D. Fla. 2010) (citing Fed. R. Civ. P. 45).  In addition,

although Rule 37(a)(5)(A), authorizes an award of "the movant's reasonable expenses incurred

in making [a] motion [to compel], including attorney's fees," courts in this circuit have held that

Rule 37(a) "does not appear to govern motions to compel production of documents made

pursuant to Rule 45."  *See id.; see also Kona Springs Water Distrib., Ltd. v. World Triathlon*

*Corp.*, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) (court granted in part and denied in part

motion to compel compliance with subpoena under Rule 45 and denied motion for sanctions,

finding "to the extent that Defendant seeks sanctions under Rule 37, . . . the rule [is] inapposite") (citations omitted).  Accordingly, Rex Venture's request for fees is due to be **denied**.

### III. Conclusion

In light of the foregoing, Mr. Woods' Motion for Clarification (Doc. 7) is **GRANTED** to the extent set forth herein.  Rex Venture's Motion to Compel (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **granted** to the extent that Mr. Nathaniel Woods is ordered to comply with the subpoena issued by the United States District Court for the Middle District of Florida ("Exhibit A") on or before **April 11, 2013,** to the extent set forth herein; and, the Motion is **denied** to the extent that Rex Venture seeks fees.  The **Clerk is directed** to mail a copy of this Order to Mr. Nathaniel Woods at 216 SW 11th Avenue, Ocala, Florida 34471.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on March 28, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties
    Mr. Nathaniel Woods

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:12-CV-519 |
| REX VENTURE GROUP, L.L.C. d/b/a | ) |
| ZEEKREWARDS.COM, and PAUL BURKS | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Western District of North Carolina ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nathaniel Woods

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

| Place: McGuireWoods, LLP | Date and Time: |
|---|---|
| 50 North Laura Street, Suite 3300 | |
| Jacksonville, FL 32202-3661 | 12/14/2012 5:00 pm |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/27/2012

CLERK OF COURT

OR _____

Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Receiver of Rex Venture Group, LLC (Kenneth D. Bell) , who issues or requests this subpoena, are:

McGuireWoods, LLP; 201 North Tryon Street, Charlotte, NC 28202; zeeksubpoena@mcguirewoods.com; (1-877-281-7559).

EXHIBIT
A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:12-CV-519

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO.: 3:12-cv-519 (Western District of North Carolina)

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

vs.

REX VENTURE GROUP, LLC d/b/a
ZEEKREWARDS.COM, and PAUL R.
BURKS

     Defendant.

## EXHIBIT A

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

On August 17, 2012, the United States District Court for the Western District of North Carolina issued an Agreed Order in the matter of Securities and Exchange Commission against Rex Ventures Group, LLC d/b/a ZeekRewards.com and Paul Burks, (Civil Action No. 3:12 cv 519) appointing Ken Bell as the Receiver for and over the assets, rights, and all other interests of the estate of Rex Venture Group, LLC, d/b/a ZeekRewards.com, any of its subsidiaries, and any businesses or business names under which it does business (the "Receivership Defendants"). In that Order the Court granted the Receiver the powers and duties to investigate, pursue and recover all potential claims and other assets of the receivership estate, recover and take into possession from third parties all receivership property and relevant records and prevent the dissipation or

1

concealment of receivership property. Further, the Receiver was granted the power to issue subpoenas for documents and testimony in connection with those efforts. This subpoena and request for documents and things is issued pursuant to that grant of authority.

## INSTRUCTIONS

In responding to each of the following requests please provide all requested information in your possession, custody or control or within the possession, custody or control of your attorneys, representatives, or other agents. If requested documents or things are readily available to you or your attorneys, representatives or agents, but you contend that they are not within your possession, custody or control you should describe where the documents can be obtained if you are unwilling to produce them.

In the event you are unable to respond completely to any of these requests, you must respond to each to the fullest extent possible, specifying the reason or reasons for your inability to respond to the remainder of the request.

If you assert a privilege or otherwise decline to provide an answer on the basis of some other legal objection, then:

(a)     identify and describe the document or communication in question, including its title, its general subject matter, its date, and its author;

(b)     describe the basis for the asserted privilege or objection;

(c)     identify every person to whom the document was sent, or every person present when the communication was made; and

2

(d)   identify the present custodian of the document, if any, and include sufficient facts for the court to make a full determination of whether the claim or objection is valid.

If you contend that any one or more of these requests is objectionable on the grounds of privilege, over breadth, vagueness or any similar ground, you are to respond to each such request as narrowed to conform with the objection.

Unless otherwise indicated in a specific interrogatory or request, the relevant time period for all requests is January 1, 2010 to the present.

## DEFINITIONS

A.   "You," "your," and "yourself" shall mean the individual or entity to whom the subpoena is issued, all entities controlled by that individual or entity and all other agents, attorneys, representatives and Persons acting or purporting to act on behalf or under the control of the individual or entity subpoenaed.

B.   "RVG" shall mean Rex Venture Group, LLC; any businesses or business names under which it does business or are related to its business, including but not limited to ZeekRewards.com and Zeekler.com; and all entities it controls or in which it has an ownership interest, including but not limited to all subsidiaries, partnerships, and related or affiliated unincorporated entities, including business lines or businesses operated via internet websites.

C.   "Person" or "persons" shall mean all natural persons and entities, including without limitation corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, and boards.

3

D.    In addition to bearing its customary and colloquial meaning, the word "document(s)" shall include all items subject to discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, including any responsive electronic data and electronic mail, as well as the original files and or containers in which said "documents" are maintained and any and all drafts of responsive "documents."

E.    "Communication" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, electronic mail, personal delivery, document, computer transmission, interactive medium transmission, or other means.

F.    "Relating to" or "concerning" shall mean relating to, referring to, concerning, constituting, comprising, identifying, dealing with, containing, embodying, illustrating reflecting, stating, commenting on, describing, discussing, responding to, supporting, evidencing, analyzing, or pertaining in any way to.

G.    "Belonging to" shall mean owned by you, in your possession, or for your benefit, whether now or in the future.

## DOCUMENTS REQUESTED

1.    All documents constituting or relating to any communication involving or related to RVG.

2.    All documents constituting or related to any communication to any affiliate, vendor, customer or client of RVG related to RVG.

3.    Documents sufficient to show all user names, passwords, email addresses and accounts used by you in connection with RVG. (This request is not meant to include passwords to third party financial accounts used in connection with RVG; however,

documents sufficient to show the location and account number of such accounts should be included in your response).

4.   All documents relating to your performing any work or giving any assistance, advice or counsel to RVG as an employee, independent contractor, vendor or agent of RVG.

5.   All documents constituting or related to any employment or other contract or agreement between you and RVG and any salary or compensation received from RVG.

6.   All documents constituting or related to any contract or agreement or governing rules or terms between you and RVG as a customer, affiliate, agent or vendor.

7.   All documents relating to any financial transactions of any kind between you and RVG, including documents sufficient to show all payments made to and received from RVG and the account and user name to which each payment relates. These documents should include, without limitation, all money or other consideration paid to RVG and money or other consideration received from RVG in connection with anyone's participation as a ZeekRewards "affiliate"; participation in the ZeekRewards "Retail Profit or Points Pool"; participation in a "matrix" in connection with ZeekRewards; enrollment in a ZeekRewards subscription plan; participation in ZeekRewards or Zeeler.com penny auctions; and the purchase or sale of Zeekler.com bids and/or ZeekRewards VIP bids or any other bids in connection with ZeekRewards or Zeekler.com. (This request is not meant to include passwords to third party financial accounts used in connection with RVG; however, documents sufficient to show the location and account number of such accounts should be included in your response).

5

8. All documents related to any sale, gift, transfer or assignment of "bids" to be used in connection with ZeekRewards.com or Zeekler.com, or the placement of advertisements for Zeekler.com or ZeekRewards.

9. All documents related to the recruitment of any Persons to join or otherwise participate in ZeekRewards or Zeekler.com.

10. All documents that describe ZeekRewards or Zeekler.com, including their activities, programs, subscriptions or potential income opportunities.

11. Documents sufficient to describe your interest in any partnerships, joint ventures, or limited liability companies during the period from January 1, 2012 or the date you first became involved in RVG (whichever is earlier) to the present.

12. Your bank, savings or credit union account; investment or brokerage account; credit card and other financial account statements during the period from July 1, 2012 to the present.

13. All documents constituting any current financial statement (since January 1, 2012) or other statement describing your financial assets or liabilities, including any statements prepared in connection with seeking a loan, mortgage or other form of financing or credit.